[Cite as *Herron v. Herron*, 2024-Ohio-1803.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| BONNIE HERRON | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2023 DR 145 |
| | : | |
| CHRIS HERRON | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 10, 2024

. . . . . . . . . . .

CHRISTOPHER R. BUCIO, Attorney for Appellant

MIRANDA A. WARREN, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Respondent-Appellant "Father" appeals from the judgment of the Champaign County Family Court, which granted a domestic violence civil protection order in favor of Petitioner-Appellee "Mother", the parties' minor child, and their adult child over whom they have a guardianship. Because Father failed to file objections in the trial court as required by Civ.R. 65.1, we are without authority to consider his appeal. Therefore, the judgment

of the trial court is affirmed.

## I.      Facts and Procedural Background

{¶ 2} On August 7, 2023, Mother filed a petition for a domestic violence civil protection order (DVCPO).   In the petition, Mother alleged, among other things, that Father "kicked [the minor] son out 2 months ago" and that Father "is very mental in Court System for mentally abusing my child now.   He has guns including some of mine (2). He use [sic] to hit me and threaten to kill me when we was [sic] married.   He use [sic] to disconect [sic] my battery and spark plugs so I couldn't leave the house.   He stalks me and my friends just did it today followed me to Sheriff Office w/ me on the phone with him."   Mother sought the protection order for herself and both children.   An ex parte protection order was filed that same day.

{¶ 3} A full hearing was conducted on November 3, 2023.   On November 7, 2023, the magistrate signed and filed a DVCPO against Father protecting Mother and both of the children.   The order was signed the same day by the trial court with a notification that the order constituted a final appealable order.

{¶ 4} Without first filing timely objections in the trial court, Father appealed.

## II.      Analysis

{¶ 5} Father asserts the following as his first and second assignments of error:

AGAINST THE MANIFEST WEIGHT OF EVIDENCE

ABUSE OF DISCRETION

{¶ 6} Father contends that the trial court's decision to issue a DVCPO was not supported by the evidence and constituted an abuse of discretion.

{¶ 7} DVCPOs are governed by R.C. 3113.31, which permits a person to seek a protection order against anyone who has committed domestic violence (as defined in R.C. 3113.31(A)(1)) against them or a dependent.   DVCPO petitions "are governed by Civ.R. 65.1 which contains special requirements relating to referrals to magistrates. Civ.R. 65.1 was 'enacted, in part, to expedite the process for obtaining a protection order after a full hearing * * *.' "   *Curry v. Bettison*, 2023-Ohio-1911, 216 N.E.3d 797, ¶ 11 (2d Dist.), quoting *M.D. v. M.D.*, 2018-Ohio-4218, 121 N.E.3d 819, ¶ 48 (8th Dist.), citing 2012 Staff Note to Civ.R. 65.1.

{¶ 8} Civ.R. 65.1(F)(3)(c)(ii) states: "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order. * * * Furthermore, '[a] court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk.'   Civ.R. 65.1(F)(3)(c)(v)."   *Curry* at ¶ 12.

{¶ 9} In this case, the magistrate granted a DVCPO, which was then signed by the court and filed with the clerk.   At that point, the protection order became a final appealable order under Civ.R. 65.1(G).   But Civ.R. 65.1(G) also states that "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal

until the filing of the court's ruling on the objections."

{¶ 10} In *Curry*, 2023-Ohio-1911, 216 N.E.3d 797, following a comprehensive discussion, we concluded that a party's timely objections are a prerequisite to an appellate challenge to a DVCPO. We synthesized our conclusions as follows:

> * * * [T]o clarify and summarize the analysis that should occur in Civ.R. 65.1 appeals, we hold that: (1) where litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing objections, they cannot challenge the trial court's decision on appeal, and the decision must be affirmed; (2) no issues that are raised, whether they are phrased as error or plain error, can be considered; (3) this court should not engage in any analysis that directly or indirectly involves the merits of the trial court order; * * *.

*Id.* at ¶ 67.

{¶ 11} As noted, Father did not file the required objections. As such, he cannot challenge the DVCPO on appeal, and we will not engage in any analysis of its merits. Thus, both assignments of error are overruled.

### III. Conclusion

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.